JOHN VALENTINE, RESPONDENT, v. WILLIAM H. BELDEN, APPELLANT.

20  537
66  347
20  537
78  190
20  537
82  147

*Right of an administrator to purchase land on the foreclosure of a mortgage belonging to the estate — the title is held by him for the benefit of the estate, and the land is treated as personal property — he has authority to sell and convey the same.*

The plaintiff, having been appointed administrator of Mary E. Valentine, deceased, received, among other assets, a bond and mortgage, which he subsequently foreclosed, bidding in the premises described therein on the sale, and taking a deed therefor in his own name, individually. Thereafter he entered into a contract with the defendant by which the latter agreed to purchase the said premises; but subsequently refused to do so, on the ground that the plaintiff, being the administrator of the estate, could 'not purchase the premises under the sale, and that he therefore could not convey a good title thereto. This action was brought to compel the defendant to perform his contract.

*Held,* that it was the right and duty of the plaintiff, if it was necessary in order to save the estate from loss, to bid in the premises on the sale, and that although he took the title in his own name, he held the property for the benefit of the estate.

That the premises thus purchased were to be regarded as personal property, and that it was the plaintiff's duty to convert them into money, to be accounted for by him as part of the personal estate.

That he was authorized to enter into the contract for the sale thereof to the defendant, and that the latter should be compelled to perform the same.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*T. W. Burd,* for the appellant. Administrators and executors cannot purchase the estate under their charge to administer, or any portion of it. (Perry on Trusts, §§ 204, 206; *Davoue* v. *Fanning,* 2 Johns. Ch., 252; *Van Epps* v. *Van Epps,* 9 Paige, 237; *Ward* v. *Smith,* 3 Sand. Ch., 592; *Bostwick* v. *Atkins,* 1 N. Y., 53; *Ames* v. *Browning,* 1 Bradf., 321; *Jewett* v. *Miller,* 10 id., 402; *Forbes* v. *Halsey,* 26 id., 65; 4 Kent's Com., 438 [10th ed., 515].) The plaintiff was a trustee for the next of kin, and unable to purchase the real estate upon the foreclosure of the mortgage, except as such administrator, and not as an individual; and the purchase immediately became one for the benefit of the intestate's heirs and next of kin, who have their election to confirm it, or to a conveyance of the premises to themselves; this election, in view of the cases above cited, may be exercised by them within a reasonable period, and against any purchaser with notice of the trust. (*Van Epps* v. *Van Epps,* 9 Paige, 237; *Ward* v. *Smith,* 3 Sand. Ch., 592; *Forbes* v. *Halsey,* 26 N. Y., 65.)

*S. H. Thayer,* for the respondent. The legal title to the lot of land is in the plaintiff, even supposing him to be a trustee of real estate, subject only to an equity in the next of kin to have it set aside and take the property, if they move before he sells and conveys. As to all others, he has a good estate in fee simple. (*Jackson* v. *Van Dalfsen,* 5 Johns., 43; *Jackson* .v. *Walsh,* 14 id., 407; *Jackson* v. *Brooks,* 8 Wend., 426; 15 id., 111.) Even as to the next of kin, the conveyance to the trustee of real estate is not void, but only voidable. (*Cumberland Coal Co.* v. *Sherman,* 30 Barb., 553; *Bostwick* v. *Atkins,* 3 N. Y., 53; *Clark* v. *Law,* 22 How. P. R., 426; *Johnson* v. *Bennett,* 39 Barb., 237; *Olcott* v. *Tioga R. R.,* 27 N. Y., 546; *Boerum* v. *Schenck,* 41

id., 182.) The next of kin leaving him undisturbed until he finds a purchaser and conveys, his grantee will take a good title in fee simple, and he is a trustee of the fund thus invested for the benefit of the next of kin of his intestate. (*Colburn* v. *Morton*, 5 Abb. P. R. [N. S.], 308; 36 How. P. R., 130; *Pierson* v. *Thompson*, 1 Edw., 212; *Woodruff* v. *Cook*, 2 id., 259; *Burtis* v. *Brush*, 5 N. Y. Surr. [Redf.], 448; *Everton* v. *Tappen*, 5 Johns. Ch., 497; *Schoonmaker* v. *Van Wyck*, 31 Barb., 457; *Holman* v. *Holman*, 66 id., 215; *Gardner* v. *Ogden*, 22 N. Y., 327.) The plaintiff is not a trustee of real estate, and the law of real estate trusts does not apply to this case. (*Kane* v. *Gott*, 24 Wend., 641; *Colburn* v. *Morton*, 5 Abb. P. R., 308; *Schoonmaker* v. *Van Wyck*, 31 Barb., 457; *King* v. *Merchants' Express Co.*, 5 N. Y., 547; *Rathbone* v. *Hooney*, 58 N. Y., 463.) It was the duty of the administrator to protect the estate from loss by purchasing at the sale in foreclosure. (*Clark* v. *Clark*, 8 Paige, 152; *Colburn* v. *Morton*, 5 Abb. P. R., 308.)

INGALLS, J. :

Mary E. Valentine died in March, 1876, intestate, leaving her surviving the following next of kin : John Valentine, William A. Valentine, Gerardus Valentine, Edward Valentine, all brothers ; Julia E. Brown, sister ; Sarah J. Betts, sister ; Ellen A. Munson, sister ; John Scott, Eliza Scott, minor children of Fanny Scott, a sister ; and four or five children of Mrs. Caroline Godby, a sister, living in Philadelphia, minors.

The plaintiff was appointed the administrator of the estate of said Mary E. Valentine, and qualified as such. At the time of her decease she was the assignee and owner of a bond and mortgage executed by Margaret H. Heydecker to Martha J. Stevens, dated July 1, 1873, and duly recorded, which mortgage was executed to secure the payment of $2,500 and interest thereon, and embraced the premises described in the complaint in this action. The bond and mortgage were assigned, for a valuable consideration, to the said Mary E. Valentine. The plaintiff as such administrator, by action in the Supreme Court, foreclosed the mortgage, and upon the sale bid in the premises for the sum of $4,100, and took from the referee a deed of such premises in his own name. The plain-

tiff entered into the following agreement with the defendant for the sale of said premises :

"Article of agreement made and entered into the 22d day of January, in the year one thousand eight hundred and seventy-nine, between John Valentine, of the city of Brooklyn, county of Kings, and State of New York, party of the first part, and William H. Belden, of the city of New York, party of the second part, in manner following : The said party of the first part, in consideration of the sum of one dollar to him duly paid, the receipt whereof is hereby acknowledged, hereby agrees to sell unto the said party of the second part, a certain lot of land on the northerly side of One Hundred and Twenty-fifth street, New York, one hundred and sixty-five feet west of Fourth avenue, and containing twenty-five feet in width in front and rear, and ninety-nine feet eleven inches in depth each side, for the sum of five thousand dollars, which the said party of the second part hereby agrees to pay to the said party of the first part, as follows : Five thousand dollars in cash on the delivery of the deed, which is to be delivered on or before the twenty-second day of February next, at the office of S. H. Thayer, number 150 Nassau street, New York, at noon of that day.

"And the said party of the first part, on receiving such payment, at the time and in the manner above mentioned, shall at his own proper costs and expense, execute, acknowledge and deliver to the said party of the second part, or to his assigns, a proper deed for the conveying and assuring to him or them the fee simple of the said premises, free from all incumbrances, which deed shall contain a general warranty and the usual full covenants.

"And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assigns of the respective parties.

" In witness whereof the parties to these presents have hereunto set their hands and seals the day and year first above written.

[L. S.]  " WILLIAM H. BELDEN,

[L. S.]  " JOHN VALENTINE, by

     " S. H. THAYER, *Attorney.*

" Sealed and delivered in the presence of the words ' to this date,' erased before execution.

    " S. M. BROWN, 2312 Fourth Avenue."

In performance of such agreement the plaintiff tendered to the defendant deeds of conveyance executed by him in his individual capacity, and in his character as administrator ample in all respects to answer the requirement of said contract.

The following admission was made at the time : It was admitted that deed (Exhibit C) was duly tendered and refused, and at the same time a deed from John Valentine (individually and as administrator, etc., of Mary E. Valentine) and Catharine, his wife ; also deed from John Valentine, as administrator, etc., of Mary E. Valentine, deceased, in addition to the deed called for by the contract. No question seems to have been raised at the trial in regard to the form of the conveyance, and we shall therefore assume that in that respect no complaint is made by the defendant.

The Special Term decided, among other things, the following :

That the plaintiff is seized in fee simple of the lot of land and premises mentioned and described in the complaint, and able to fulfill the contract on his part ; that the conveyance of said premises tendered by him to the defendant would make a good and sufficient title thereto, as covenanted and agreed by him in and by said contract, and defendant was bound to accept the same ; that the defendant is not responsible for the disposition to be made of the purchase-money by the plaintiff, nor is it his right or his duty to look after the application thereof ; that the defendant ant should accept the conveyance and pay to the plaintiff $5,000, with interest thereon, from the 22d day of February, 1879, at the the rate of seven per cent per annum, and the costs of this action.

Judgment has been entered accordingly in favor of the plaintiff against the defendant. We are convinced that the decision is correct, and that the defendant, by accepting the conveyances, would have acquired a perfect title to the premises. The plaintiff, as the administrator of the estate of Mary E. Valentine, became possessed of the said bond and mortgage as a part of her personal estate, and was authorized to collect the money due thereon by the foreclosure of the mortgage, and it became his duty to resort to such remedy when payment was neglected or refused. To save the estate from loss it was also his right and duty to bid in the premises at the sale, and to hold the same until they could be disposed of by him for the benefit of the estate

which he represented. Although he accepted the deed in his individual name, and omitted to describe himself therein as such administrator, yet in legal effect he acquired the title and held the same for the benefit of the estate and not otherwise. In Dayton on Surrogates (3d ed., page 528), the author remarks : "So in a case where the executor of a mortgagee purchased the equity of redemption of the mortgaged estate *in his own name*, with the money due on the mortgage and a small advance beyond it, it was held that he was a trustee of the purchase for the benefit of the testator's estate." (See also *Fosbrooke* v. *Balguy*; 1 M. & K., 226; *Clark* v. *Clark*, 8 Paige Ch. R., 152.) The facts justify the assumption that such was the understanding and intention of the plaintiff in making the purchase, and his conduct in regard to the transaction seems to have been free from frauds. The law would not allow him to make the purchase, under the circumstances, except for the benefit of the estate which he represented. (*Jewett* v. *Miller*, 10 N. Y., 402; *Fulton* v. *Whitney*, 5 Hun, 17; *Van Epps* v. *Van Epps*, 9 Paige Ch. R., 238.) The premises thus purchased, by force of the doctrine of equitable conversion, are to be regarded as personal property in the possession of the plaintiff in his character as administrator, to be converted by him into money and accounted for by him as a part of the personal estate. The land thus purchased became a substitute for the bond and mortgage, and in our judgment the plaintiff acquired as perfect a title to it as he possessed to the bond and mortgage previous to the foreclosure, and the conveyances which he tendered to the defendant would vest in the latter a perfect title to the premises. (*Long* v. *O'Fallon*, 19 How. [U. S.] Rep., 116; 1 Williams on Executors [5th Am. ed.], 607; Dayton on Surrogates [3d ed.] 523; *Clark* v. *Clark*, 8 Paige Ch. Rep., 153; *Field* v. *Schieffelin*, 7 Johns. Ch. Rep., 150; *Anstice* v. *Brown*, 6 Paige Ch. Rep., 448.) We conclude that as the plaintiff tendered to the defendant a perfect title to the premises, he should have accepted the same as a performance of the agreement on the part of the plaintiff. The judgment must, therefore, be affirmed with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.